HAMID R. RAFATJOO (SBN 181564)
VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
Email: hrafatjoo@venable.com

Attorneys for Plaintiffs

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>PASADENA ADULT RESIDENTIAL CARE, INC., et al.<br><br>　　　　　Debtors.<br><br>―――――――――――――<br><br>PASADENA ADULT RESIDENTIAL CARE, INC.; CORONA CARE CONVALESENT CORPORATION; CORONA CARE RETIREMENT, INC.; CASTLE VIEW SENIOR RETIREMENT ESTATE, INC.; GARFIELD SENIOR CARE CENTER, INC. AND PASADENA HEALTH CARE MANAGEMENT, INC.<br><br>　　　　　Plaintiffs,<br><br>　　　vs.<br><br>HCF Insurance Agency,<br><br>　　　　　Defendant. | Case No. 2:13-bk-28484-RK<br><br>Jointly administered with case Nos. 2:13-bk-28497-RK; 2 :13-bk-28519-RK; 2 :13-bk-28532-RK; 2 :13-bk-28538-RK; 2:13-bk-28545-RK<br><br>　　[Chapter 11]<br><br>**Adv. No. 2:13-ap-_____-RK**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF** |

The debtors and debtors-in-possession in the above-captioned chapter 11 bankruptcy cases (the "Debtors" or "Plaintiffs") hereby respectfully represent and allege against HCF Insurance Agency ("Defendant") as follows:

## I.

## JURISDICTION AND VENUE

1.      This adversary proceeding arises in and relates to the chapter 11 cases of the Debtors which are currently pending before the United States Bankruptcy Court for the Central District of California as Case Nos. 2:13-bk-28484-RK; 2:13-bk-28497-RK; 2:13-bk-28519-RK; 2:13-bk-28532-RK; 2:13-bk-28538-RK; 2:13-bk-28545-RK (collectively, the "Bankruptcy Cases") (these six cases are being jointly administered under Case No. 2:13-bk-28484-RK).

2.      On or about July 22, 2013 (the "Petition Date"), the Debtors filed voluntary chapter 11 petitions thereby commencing the Bankruptcy Cases.

3.      This adversary proceeding is commenced pursuant to Rule 7001, et seq. of the Federal Rules of Bankruptcy Procedure and Sections 105 of 11 U.S.C. § 101 et seq.

4.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1409.

6.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2) and the Court can and should enter final judgment.

## II.

## THE PARTIES

7.      Plaintiffs are California companies headquartered in Pasadena, California and currently operating their business and managing their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code").  No trustee or examiner has been appointed in the Bankruptcy Cases, though a disinterested patient care ombudsman was appointed by this Court pursuant to section 333(a)(2) of the Bankruptcy Code on August 16, 2013.

8.      Plaintiffs allege on information and belief that the Defendant is a California

1    Corporation that conducts business within this district.

2    **III.**

3    **GENERAL ALLEGATIONS**

4    **A.    Bankruptcy Case Background and Debtors' Progress Towards an Appropriate**

5    **Reorganization**

6    9.    The Debtors were forced to file quickly, and with little preparation, for

7    bankruptcy protection due to the surprising entry of the judgment ("HCF Judgment") against the

8    Debtors in the State Court Action (defined below).  Since the Petition Date, the Debtors have

9    been focused on stabilizing operations and moving the Bankruptcy Case towards an appropriate

10    exit.  On or about August 30, 2013, the Debtors retained Venable LLP as their chapter 11

11    restructuring counsel.    Shortly thereafter, the Debtors retained an independent corporate

12    restructuring officer ("CRO") to ensure that the Debtors would be well positioned to move

13    forward with a global restructuring plan expeditiously.  The Debtors intend to file a motion

14    seeking Court approval of the CRO shortly.

15    10.    With assistance from their new CRO, the Debtors expect to have the framework

16    for a viable plan of action within the next several weeks and have now assembled a team of

17    professionals that can bring the plan of action to fruition.

18    **B.    Pre-Petition Dispute with Defendant and the Recent Alter Ego State Court Action**

19    **Filed Against the Debtor's Principals.**

20    11.    Prior to the Petition Date, a dispute arose between the Plaintiffs and the

21    Defendant which led to an action in Los Angeles Superior Court by Defendant against Plaintiffs

22    for, among other things breach of contract, breach of oral agreement, fraud,  and damages [Los

23    Angeles Superior Court Case No. BC 479659] (the "State Court Action").

24    12.    On or about July 18, 2013, the HCF Judgment in favor of Defendant was

25    entered in the State Court Action.  The Debtors filed for bankruptcy relief four days later.

26    13.    The Debtors obtained relief from stay to exercise their post-trial rights in the

27    State Court Action including but not limited to bringing post-trial motions, defending a new trial

28    if ordered, and/or appealing the Judgment and the Debtors are currently pursuing those rights with

1  the goal being to finally liquidate the liability, if any, that the Debtors may owe to the Defendant.

2  14.    Notwithstanding the fact that (a) no final judgment has been entered in the State

3  Court Action, (b) the State Court Action as to Felicidad ("Fely") Ferrer was dismissed during trial

4  on the state court's own motion, and (c) after the HCF Judgment was entered, the Defendant

5  never sought a declaration that Debtors' Principals were alter egos of the Debtors as part of the

6  State Court Action, the Defendant recently commenced a separate state court action against the

7  Debtors' Principals on October 29, 2013, seeking declaratory relief that the Debtors' Principals

8  are the alter ego of the Debtors (the "Alter Ego State Court Action").  A copy of that complaint is

9  attached hereto and incorporated herein as **Exhibit 1**.

10  15.    The original Complaint filed in the State Court Action had included the

11  Debtors' Principal Fely Ferrer as a defendant in that action.  However, during the trial on or about

12  June 3, 2013, Fely Ferrer was dismissed from the State Court Action  on the grounds that

13  Defendant had not included any alter ego claim.  At no time after such dismissal has the

14  Defendant ever amended or sought to amend its complaint in the State Court Action to bring such

15  a cause of action for alter ego liability against the Debtors' Principals or seek to amend the

16  judgment to add the Debtor's Principals as judgment debtors.

17  16.    The Plaintiffs believe the Alter Ego State Court Action has no merit and is

18  brought in a bad faith attempt to leverage the Debtors in the State Court Action and in these

19  Bankruptcy Cases generally.[1]  Recently, the Defendant had also sought to obtain leverage over the

20  Debtors by trying to prevent the Debtors from having the automatic stay lifted.  By opposing the

21  Debtors' motion for relief from the stay, the Defendant sought to have the HCF Judgment become

22  final and non-appealable, to the detriment of the Debtors' estates and creditors.  *See* HCF

23  Opposition to Debtors' Motion for Relief From Stay [Dkt. No. 59]; Debtors' Reply in Support of

24  motion for Relief From Stay [Dkt. No. 67].

25  17.    Accordingly, Plaintiffs commence the instant adversary proceeding to

26  temporarily enjoin the Defendant from prosecuting the Alter Ego State Court Action to allow the

27

28  [1]    Defendant is also member of the Official Committee of Unsecured Creditor and it appears is trying to use its membership in the Committee to further increase its leverage against the Debtors for its individual gain.

1    Debtors and its Principals to focus on the Debtors' reorganization efforts.

2                                    **IV.**

3                          **FIRST CLAIM FOR RELIEF**

4                              **(Injunctive Relief)**

5        18.    The Plaintiffs reallege and incorporate herein by reference each and every

6    allegation contained in all prior paragraphs of this Complaint.

7        19.    Plaintiffs seek an injunction staying the continued prosecution of the Alter Ego

8    State Court Action under section 105 of the Bankruptcy Code until the earlier of (1) the date the

9    Debtors' plan or plans are confirmed; (2) the date some other plan or plans of reorganization are

10   confirmed in these Bankruptcy Cases; (3) the date all of these Bankruptcy Cases are dismissed,

11   closed and/or converted to a case under chapter 7 of the Bankruptcy Code; or (4) further order of

12   this Court.

13       20.    Section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order,

14   process or judgment that is necessary or appropriate to carry out the provisions of this title."

15   Relief under section 105 of the Bankruptcy Code is particularly appropriate in Chapter 11 cases

16   where the relief requested is crucial to the confirmation of a plan that will provide substantial

17   benefits to the Debtors' bankruptcy estates and creditors.

18       21.    Pursuant to the broad powers of Section 105 of the Bankruptcy Code and the

19   applicable case law, this Court may enjoin actions against non-debtors under various

20   circumstances, including situations where claims against non-debtors may adversely affect the

21   Debtors' estates.   The Principals have no plain, speedy and adequate remedy at law and

22   Defendant's continued prosecution of the Alter Ego State Court Action, unless and until enjoined

23   and restrained by order of this Bankruptcy Court, will cause great and irreparable injury to the

24   Debtors' estates and creditors.

25       22.    Defendant's prosecution of the Alter Ego State Court Action, unless enjoined

26   by this Court, will cause great and irreparable injury to the Debtors' estates as well as creditors by

27   detrimentally affecting the estates' ability to reorganize because the Alter Ego State Court Action

28   will significantly distract the Debtors and the Principals, who are officers of the Debtors, from

1  their efforts to maximize value of the Debtors and to formulate an expeditious exit strategy for the

2  Debtors.  Conversely, the harm, if any, to the Defendant resulting from the stay of the Alter Ego

3  State Court Action is merely temporal and minimal.

4         23.    The injunctive relief sought by the Debtors is necessary and proper in order to

5  maximize the chances that the Debtors are able to successfully reorganize and confirm a plan or

6  plans for the benefit of the estates and creditors.

7         24.    There is a substantial likelihood that the Debtors will be able to confirm a plan

8  or plans if they are permitted to focus on restructuring efforts without the Principals being forced

9  to spend valuable time and resources participating in a state court lawsuit that should be stayed.

10         25.    The injunctive relief requested herein will serve the public interest by

11  promoting compliance with the Congressional purpose of the automatic stay and thereby

12  maximizing the Debtors' going concern value by way of a confirmable plan of reorganization.

13         26.    Based upon the foregoing, the Debtors seek an injunction under section 105 of

14  the Bankruptcy Code to enjoin the continued prosecution of the Alter Ego State Court Action.

15  **V.**

16  **SECOND CLAIM FOR RELIEF**

17  **(Recovery of Attorneys' Fees and Costs and Any Other Appropriate Sanction)**

18         27.    The Plaintiffs reallege and incorporate herein by reference each and every

19  allegation contained in all prior paragraphs of this Complaint.

20         28.    Pursuant to Rule 7008(b) of the Federal Rules of Bankruptcy Procedure, the

21  Plaintiffs separately state their request for attorneys' fees, costs and any other sanction the Court

22  deems proper.

23         29.    The Plaintiffs are also entitled to judgment for all attorneys' fees and costs

24  incurred in this matter pursuant to the Court's inherent powers and other applicable state and

25  federal law.

26  **VI.**

27  **RESERVATION OF RIGHTS**

28         30.    Plaintiffs believe that additional claims in favor of Plaintiffs against Defendant

1    and/or other parties may exist.  Plaintiffs reserves any and all rights to bring such claims to the

2    extent authorized by the Court and/or applicable law.

3          **WHEREFORE**, the Plaintiffs pray for judgment as follows:

4          1.     <u>On the First Claim for Relief</u>: For a preliminary and permanent injunction staying

5    the Alter Ego State Court Action and enjoining the Defendant from otherwise prosecuting the

6    Alter Ego State Court Action until the earlier of (1) the date the Debtors' Plan or Plans are

7    confirmed; (2) the date some other plan or plans of reorganization are confirmed in these

8    Bankruptcy Cases; (3) the date all of these Bankruptcy Cases are dismissed, closed and/or

9    converted to a case under chapter 7 of the Bankruptcy Code; or (4) further order of this Court.

10          2.     <u>On the Second Claim for Relief</u>: For all costs of suit (including attorneys' fees and

11    costs) and any other sanction the Court deems proper.

12          3.     For such other and further relief as the Court deems just and proper.

13    Dated:  November 15, 2013          **VENABLE LLP**

14

15                                       By:___/s/ Hamid R. Rafatjoo_____
                                              Hamid R. Rafatjoo

16                                       Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28