# EXHIBIT "A"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FELICIDAD G. FERRER a/k/a FELY FERRER, an individual; RENATO H. FERRER, an individual; and DOES 1 through 10, inclusive

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 29 2013

John A. Clarke, Executive Officer/Clerk
BY Cristina Grijalva, Deputy
(Cristina Grijalva)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HCF INSURANCE AGENCY, a California corporation

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso):* BC 525 645

Superior Court of the State of California for the County of Los Angeles
111 North Hill Street
111 North Hill Street
Los Angeles 90012-3014
Stanley Mosk Courthouse

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Leipzig (SBN 192005) / Joshua R. Mandell (SBN 225269) Tel: 213-622-5555 Fax: 213-620-8816
Allen Matkins Leck Gamble Mallory & Natsis LLP
515 South Figueroa Street, Ninth Floor Los Angeles, CA 90071

DATE: John A. Clarke             Clerk, by CRISTINA GRIJALVA , Deputy
*(Fecha)*                        *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

OCT 29 2013

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use    SUMMONS    American LegalNet, Inc.    Code of Civil Procedure §§ 412.20, 465

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Scott J. Leipzig (SBN 192005) / Joshua R. Mandell (SBN 225269)<br>Allen Matkins Leck Gamble Mallory & Natsis LLP<br>515 South Figueroa Street, Ninth Floor<br>Los Angeles, CA 90071<br>TELEPHONE NO.: 213-622-5555    FAX NO.: 213-620-8816<br>ATTORNEY FOR *(Name)*: Plaintiff HCF Insurance Agency, a California corporation | CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>OCT 29 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____ Deputy<br>Cristina Grijalva |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles** |
|---|
| STREET ADDRESS: 111 North Hill Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Los Angeles 90012-3014 |
| BRANCH NAME: Stanley Mosk Courthouse |

| CASE NAME: HCF Insurance Agency v. Felicidad G. Ferrer, et al. |
|---|

| **CIVIL CASE COVER SHEET**<br>☒ Unlimited    ☐ Limited<br>(Amount         (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | **Complex Case Designation**<br>☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>**BC525645**<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☒ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☒ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve             in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence         f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☐ monetary  b. ☒ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: 1
5. This case ☐ is ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 19, 2013

Joshua R. Mandell
_____           ▶ _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use          CIVIL CASE COVER SHEET          Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36) Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 29 2013

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Cristina Grijalva

1  ALLEN MATKINS LECK GAMBLE
     MALLORY & NATSIS LLP
2  SCOTT J. LEIPZIG (BAR NO. 192005)
   JOSHUA R. MANDELL (BAR NO. 225269)
3  515 South Figueroa Street, Ninth Floor
   Los Angeles, California 90071-3309
4  Phone:  (213) 622-5555
   Fax:  (213) 620-8816
5  E-Mail:  sleipzig@allenmatkins.com
           jmandell@allenmatkins.com
6
   Attorneys for Plaintiff
7  HCF Insurance Agency, a California corporation

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES

10                                        BC525645

11 HCF INSURANCE AGENCY, a California       Case No.
   corporation,
12                                          COMPLAINT FOR DECLARATORY
               Plaintiff,                   RELIEF (ALTER EGO LIABILITY)
13
          vs.
14
   FELICIDAD G. FERRER a/k/a/ FELY
15 FERRER, an individual; RENATO H.
   FERRER, an individual; and DOES 1
16 through 10, inclusive,

17             Defendants.

18

19       Plaintiff HCF Insurance Agency, alleges as follows:

20                   **Parties, Jurisdiction, and Venue**

21       1.      Plaintiff is a California corporation authorized to do business in California.

22       2.      Plaintiff is informed and believes, and based thereon alleges, that defendant

23 Felicidad G. Ferrer a/k/a Fely Ferrer is a resident of California who maintains a residence

24 in the County of Los Angeles.

25       3.      Plaintiff is informed and believes, and based thereon alleges, that defendant

26 Renato H. Ferrer is a resident of California who maintains a residence in the County of Los

27 Angeles.

28

LAW OFFICES
n Matkins Leck Gamble
Mallory & Natsis LLP

1      4.     The true names and capacities of the defendants named herein as Does 1-10,

2  inclusive, whether individual, corporate, partnership, associate, or otherwise, are unknown

3  to plaintiff, and, as such, are sued by fictitious names pursuant to Section 474 of the

4  California Code of Civil Procedure.  When plaintiff ascertains the true names and

5  capacities of these doe defendants, plaintiff will amend this complaint to include their true

6  names and capacities.  Plaintiff alleges that Does 1 through 10, inclusive, bear

7  responsibility for the acts alleged in this complaint and are and at all times mentioned

8  herein have been, the agents, principals, partners, co-conspirators and/or co-venturers of

9  each other and the named Defendants, that each of them acted within the course, scope and

10  authority of said relationships, and that, as a result, are jointly and severally liable for the

11  acts alleged herein.

12                    **Declaratory Relief**

13      5.     On July 18, 2013, following a six-day jury trial in *HCF Insurance Agency v.*

14  *Pasadena Healthcare Management, Inc. et al.* (Los Angeles County Superior Court Case

15  No. BC479659), HCF Insurance Agency, as plaintiff, obtained a judgment in the amount

16  of $3,834,624.30, plus interest and costs, against Pasadena Healthcare Management, Inc.,

17  Pasadena Healthcare Services, Corona Care Convalescent Corporation, Castle View Senior

18  Retirement Estate, Inc., Corona Care Retirement, Inc., Garfield Senior Care Center, Inc.,

19  and Pasadena Adult Residential Care Center, Inc. (collectively, the "Judgment Debtors"),

20  jointly and severally.  A copy of the Judgment is attached to this complaint as Exhibit 1

21  and incorporated by this reference.

22      6.     Plaintiff is informed and believes, and based thereon alleges, that the

23  Judgment Debtors are owned and operated by defendants Felicidad Ferrer and Renato

24  Ferrer.

25      7.     Plaintiff is informed and believes, and based thereon alleges, that at all times

26  herein mentioned there exited a unity of interest and ownership between defendants

27  Felicidad Ferrer and Renato Ferrer, on the first part, and the Judgment Debtors, on the

28  second part, such that individuality and separateness between them had ceased, and that

1   the Ferrers were the alter egos of the Judgment Debtors, and that the Ferrers are jointly and

2   severally liable for the obligations of the Judgment Debtors.

3      8.   Adherence to the fiction of the separate existence of the Ferrers as distinct

4   from Judgment Debtors permits an abuse of the corporate privilege and promotes injustice

5   because, based on information and belief, plaintiff alleges: (a) the Ferrers are the sole

6   owners of the Judgment Debtors, (b) the Ferrers completely control and dominate the

7   Judgment Debtors, making all key decisions about finances and operations, (c) the Ferrers

8   use the Judgment Debtors as "shell" companies, stripping them of assets to enrich

9   themselves and their family members and to avoid payment of obligations owed by the

10  Ferrers, (d) the Ferrers use the Judgment Debtor facilities as collateral for their own

11  personal loan obligations, (e) the Ferrers have solicited and borrowed monies from third

12  parties in their own names that they used to cover the obligations of the Judgment Debtors,

13  including, among other things, checks made payable to Renato Ferrer in the amount of

14  aggregate amount of $100,000 that were used by the Ferrers to meet payroll obligations of

15  the Judgment Debtors, (f) the Ferrers have written checks from their own personal

16  accounts to cover the obligations of the Judgment Debtors, and (g) in order to avoid the

17  joint and several liability of the Judgment Debtors to plaintiff, the Ferrers placed the

18  Judgment Debtors into bankruptcy.

19     9.   Adhering to the fiction of the separate existence of the Ferrers from the

20  Judgment Debtors will, under the circumstances alleged herein, promote an injustice.

21     10.   An actual controversy has arisen and now exists between plaintiff and the

22  Ferrers concerning whether the Ferrers are personally liable to plaintiff for the monies

23  owed by Judgment Debtors.  Plaintiff contends that the Ferrers are the alter egos of

24  Judgment Debtors and that the Ferrers are therefore jointly and severally liable for the

25  obligations of Judgment Debtors owed to plaintiff.  Plaintiff believes and alleges that the

26  Ferrers, and each of them, deny any all alter ego allegations.

27

28

1      11.    Plaintiff desires a judicial determination of its rights and a declaration that

2 the Ferrers are the alter egos of Judgment Debtors, and that the Ferrers are jointly and

3 severally liable for all obligations owed to plaintiff by Judgment Debtors.

4      12.    A judicial declaration is necessary and appropriate at this time so plaintiff

5 may ascertain its rights against the Ferrers.

6      WHEREFORE, plaintiff prays judgment against defendants, as follows:

7      1.    For a declaration that defendants are the alter egos of the Judgment Debtors,

8 and as such, defendants are jointly and severally liable with the Judgment Debtors for all

9 obligations owed to plaintiff;

10      2.    For costs of suit herein incurred;

11      3.    For such other and further relief as the Court deems fair and proper.

12

13 Dated: October 29, 2013

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

14

15 By:

JOSHUA R. MANDELL
Attorneys for Plaintiff
HCF Insurance Agency, a California
corporation

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

ORIGINAL FILED

JUL 18 2013

LOS ANGELES
SUPERIOR COURT

IN THE SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

HCF INSURANCE AGENCY, a
California Corporation

                   Plaintiff,

     vs.

PASADENA HEALTHCARE
MANAGEMENT, INC., et al.,

                  Defendants.

---

FELY FERRER, an individual, PASADENA
HEALTHCARE MANAGEMENT, INC., a
California corporation, and CORONA
CARE CONVALESCENT
CORPORATION, a California Corporation,

             Cross-Complainants,

     vs.

HCF INSURANCE AGENCY, a California
corporation, CYPRESS INSURANCE
COMPANY, a California corporation; and
DOES 1 THROUGH 20, inclusive,

             Cross-
Defendants.

Case No.: BC479659

[Assigned for all purposes to the
Hon. Elizabeth Allen White, Dept.
48]

[PROPOSED] JUDGMENT

JUDGMENT

1       This action came on regularly for trial on May 23, 2013 in Department 48 of the Superior

2   Court of California, County of Los Angeles, Hon. Elizabeth Allen White, Judge presiding.

3       Plaintiff HCF INSURANCE AGENCY appeared by Brandon S. Reif, Marc S. Ehrlich

4   and Jibraun B. Riaz of Winget Spadafora Schwartzberg LLP.

5       Defendants PASADENA HEALTHCARE MANAGEMENT, INC., PASADENA

6   HEALTHCARE SERVICES, CORONA CARE CONVALESCENT CORPORATION,

7   CASTLE VIEW SENIOR RETIREMENT ESTATE, INC., CORONA CARE RETIREMENT,

8   INC., GARFIELD SENIOR CARE CENTER, INC., PASADENA ADULT RESIDENTIAL

9   CARE CENTER, INC. appeared by Kathy Q. Hao, of Law Offices of Kathy Q. Hao &

10   Associates, and Peter M. Wucetich, of Law Offices of Peter M. Wucetich.

11       A Jury of twelve (12) persons was regularly impaneled and sworn. Witnesses were

12   sworn and testified. After hearing the evidence and arguments of counsel, the Jury was duly

13   instructed by the Court and the case was submitted to the Jury with directions to return a verdict

14   on special issues. The Jury deliberated and thereafter returned into Court with its verdict, as

15   follows:

16       We the Jury in the above entitled matter find as follows with respect to the Causes of Action

17   filed by Plaintiff HCF INSURANCE AGENCY (hereinafter referred to as "HCF") against

18   Defendants PASADENA HEALTHCARE MANAGEMENT, INC., PASADENA

19   HEALTHCARE SERVICES, CORONA CARE CONVALESCENT CORPORATION,

20   CASTLE VIEW SENIOR RETIREMENT ESTATE, INC., CORONA CARE RETIREMENT,

21   INC., GARFIELD SENIOR CARE CENTER, INC., PASADENA ADULT RESIDENTIAL

22   CARE CENTER, INC. (hereinafter referred to as "DEFENDANTS") follows:

23

24   [Cont'd on next page]

25

26

27

28

-1-

JUDGMENT

1.  State whether HCF proved it is more likely true than not true each element of each Cause of Action against any of the DEFENDANTS.  Circle "Yes" or "No" to each question:

    (a)  First Cause of Action for Breach of Written or Oral Contract

|  | Yes | No |
|---|---|---|
|  | **12** | **0** |

    (b)  Second Cause of Action for Breach of Oral Agreement

|  | Yes | No |
|---|---|---|
|  | **12** | **0** |

    (c)  Third Cause of Action for Fraud

|  | Yes | No |
|---|---|---|
|  | **12** | **0** |

[Cont'd to next page]

If you answered "Yes" to Question No. 1(a), 1(b) or 1(c), answer Question No. 1(d).  If you answered "No" to Question No. 1(a), 1(b) and 1(c), stop here, answer no further questions.

(d) State the total amount of damages in each category.

### Past Economic Losses

| | |
|---|---|
| The Loan: | $75,000.00 |
| Broker's Fees: | $48,300.00 |
| Commissions: | $55,302.20 |

### Future Economic Losses (Lost Profits)

| | |
|---|---|
| Three-Year Exclusive Agreement: | $206,000.00 |
| First Insurance Funding: | $580,000.00 |
| Business Reputation: | $750,000.00 |

2. If you answered "Yes" to Question No. 1(c), is HCF entitled to recover from DEFENDANTS prejudgment interest at 7% per year on the total amount of damages?  Circle "Yes" or "No" to the question:

(a)

| Yes | No |
|---|---|
| 12 | 0 |

-3-

JUDGMENT

(b) If you answered "Yes" to Question No. 2(a), on what date was the loss of use of the money? **December 23, 2011**

(c) If you answered "Yes" to Question No. 1(c), state whether or not HCF proved by clear and convincing evidence that any of the Defendants acted with malice, fraud or oppression. Circle "Yes" or "No" to the question:

|  Yes | No |
|------|-----|
| **12** | **0** |

(d) If you answered "Yes" to Question No. 2(c), state the total amount of punitive damages awarded: **$2,000,000.00**

3. State whether Cross-Complainants Felicidad Ferrer, Pasadena Healthcare Management, Inc., and Corona Care Convalescent Corporation proved it is more likely true than not true each element of the Fraud Cause of Action against HCF. Circle "Yes" or "No" to the question:

(a)

| Yes | No |
|-----|-----|
| **0** | **12** |

(b) If you answered "Yes" to Question No. 3(a), state the total amount of damages awarded: **No Answer Provided.** If you answered "No" to Question No. 3(a), stop here, answer no further questions.

DATED:  **June 3, 2013**          */s/ Lee Hollins*
                                  PRESIDING JUROR

-4-
JUDGMENT

1         BY REASON of the jury's verdict, Plaintiff HCF INSURANCE AGENCY is entitled to

2 judgment against Defendants PASADENA HEALTHCARE MANAGEMENT, INC.,

3 PASADENA HEALTHCARE SERVICES, CORONA CARE CONVALESCENT

4 CORPORATION, CASTLE VIEW SENIOR RETIREMENT ESTATE, INC., CORONA CARE

5 RETIREMENT, INC., GARFIELD SENIOR CARE CENTER, INC., PASADENA ADULT

6 RESIDENTIAL CARE CENTER, INC.;

7         NOW THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff

8 HCF INSURANCE AGENCY shall recover a total of **$3,834,624.30** (three million eight

9 hundred and thirty four thousand, six hundred and twenty four dollars and thirty cents) from

10 Defendants PASADENA HEALTHCARE MANAGEMENT, INC., PASADENA

11 HEALTHCARE SERVICES, CORONA CARE CONVALESCENT CORPORATION,

12 CASTLE VIEW SENIOR RETIREMENT ESTATE, INC., CORONA CARE RETIREMENT,

13 INC., GARFIELD SENIOR CARE CENTER, INC., PASADENA ADULT RESIDENTIAL

14 CARE CENTER, INC, jointly and severally; that interest shall accrue thereon at the rate of 10 % ~legal~

15 per annum from the date of entry of this judgment until paid; that Plaintiff HCF INSURANCE

16 AGENCY shall recover costs in the amount of _____; and that PLAINTIFF HCF

17 INSURANCE AGENCY ~shall~ 's right to recover attorney's fees ~as~ shall be determined by Motion noticed in the amount of

18 _____.

19

20 Dated: _7/18_____, 2013.

21

22                    **Elizabeth Allen White**

                        Hon. Elizabeth Allen White

23                         JUDGE OF THE SUPERIOR COURT

24

25 Submitted by:

26

27 _____

28 Brandon S. Reif, Esq.
Attorneys for Plaintiff HCF INSURANCE AGENCY

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is the office of Winget Spadafora & Schwartzberg LLP, located at 1900 Avenue of the Stars, Suite 450, Los Angeles, CA 90067. On July 02, 2013, I served the following document(s) by the method indicated below:

### [PROPOSED] JUDGMENT

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

☐ by email transmission to the parties with their expressed written consent to accept service via email transmission.

☐ I transmitted via facsimile the document to the party at their fax number listed below. The transmission was reported as complete and without error.

☒ I enclosed the document in an envelope or package provided by an overnight delivery carrier and addressed to the party at the address listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier to receive documents, with delivery fees paid.

### SERVICE LIST

Kathy Q. Hao, Esq.
Law Offices of Kathy Q. Hao
225 S. Lake Ave., Suite 300
Pasadena, CA 91101

I declare under penalty of perjury that the above is true and correct. Executed on July 02, 2013 at Los Angeles, California.

By: _____
Emelyn Mendez

| SHORT TITLE: HCF Insurance Agency v. Felicidad G. Ferrer | CASE NUMBER BC525645 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES    CLASS ACTION? ☐ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL    2    ☐ HOURS/ ☒ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| HCF Insurance Agency v. Felicidad G. Ferrer | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2,, 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**



| SHORT TITLE: | CASE NUMBER |
|---|---|
| HCF Insurance Agency v. Felicidad G. Ferrer | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ/Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☒ A6112  Other Enforcement of Judgment Case | ②, 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4
Exhibit A-25



| SHORT TITLE: | CASE NUMBER |
|---|---|
| HCF Insurance Agency v. Felicidad G. Ferrer | |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. <br><br> ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: <br> 21747 Erwin Street |
|---|---|

| CITY: <br> Woodland Hills | STATE: <br> CA | ZIP CODE: <br> 91367 |
|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____Stanley Mosk_____ courthouse in the ____Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __October 29, 2013____

(SIGNATURE OF ATTORNEY/FILING PARTY)
Joshua R. Mandell

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04 
**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION** 
Local Rule 2.0
Exhibit A  Page 4 of 4  Page 26

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

BC 525 645

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Michael Johnson | 56 | 514 |
| Hon. Terry A. Green | 14 | 300 | Hon Rolf M. Treu | 58 | 516 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Rita Miller | 16 | 306 | Hon. Mark Mooney | 68 | 617 |
| Hon. Richard E. Rico | 17 | 309 | Hon. William F. Fahey | 69 | 621 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Yvette M. Palazuelos | 28 | 318 | | | |
| Hon. Barbara Scheper | 30 | 400 | | | |
| Hon. Mary H. Strobel | 32 | 406 | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Michael P. Linfield | 34 | 408 | **Hon. Elihu M. Berle\*** | **323** | **CCW** |
| Hon. Maureen Duffy-Lewis | 38 | 412 | OTHER | | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | | | |
| Hon. Debre Katz Weintraub | 47 | 507 | | | |
| Hon. Elizabeth Allen White | 48 | 506 | | | |
| Hon. Deirdre Hill | 49 | 509 | | | |
| Hon. John L. Segal | 50 | 508 | | | |
| Hon. Abraham Khan | 51 | 511 | | | |
| Hon. Susan Bryant-Deason | 52 | 510 | | | |
| Hon. Steven J. Kleifield | 53 | 513 | | | |
| Hon. Ernest M. Hiroshige | 54 | 512 | | | |

**\*Complex**
All cases designated as complex (other than class actions) are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ OCT 2 9 2013 _____    SHERRI R. CARTER, Executive Officer/Clerk
                                                                                                  By _____, Deputy Clerk

LACIV CCH 190 (Rev09/13)
LASC Approved  05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –

UNLIMITED CIVIL CASE

Page 1 of 2

Exhibit A, Page 27

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev09/13)
LASC Approved  05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 2 of 2

Exhibit A, Page 28

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

Exhibit A, Page 30

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                    (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        ►  _____
            (TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)
Date:

_____        ►  _____
            (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____        ►  _____
            (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____        ►  _____
            (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____        ►  _____
            (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____ )
Date:

_____        ►  _____
            (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____ )
Date:

_____        ►  _____
            (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):       FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court. .

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

---

LACIV 036 (new)
LASC Approved 04/11

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

➤ _____

(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date: _____

➤ _____

(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____

(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____

(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____

(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date: _____

➤ _____

(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date: _____

➤ _____

(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:       FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐   Request for Informal Discovery Conference
   - ☐   Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____                    ➤ _____
         (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____                    ➤ _____
         (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____                    ➤ _____
         (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____                    ➤ _____
         (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____                    ➤ _____
         (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____                    ➤ _____
         (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____                    ➤ _____
         (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:    _____              _____
                                                              JUDICIAL OFFICER